**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


RUBEN PINALES,

        Petitioner,

vs.                              No. CIV-10-1174 JP/ACT

JAMES JANECKA, Warden,
and GARY K. KING,
Attorney General for the
State of New Mexico,

        Respondents.


**MAGISTRATE JUDGE'S FINDINGS
AND RECOMMENDED DISPOSITION** [1]

    1.  This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254, filed December 9, 2010. [Doc. 1.] This matter was referred to the undersigned United

States Magistrate Judge by the Honorable James A. Parker, United States District Judge, on

December 13, 2010, to submit proposed findings of fact and recommendation for the disposition

of this case pursuant to 28 U.S.C. § 636(b)(1)(B), (b)(3) [Doc. 3].

    2.  Petitioner Ruben Pinales ("Pinales") is currently confined in Lea County Correctional

Facility in Hobbs, New Mexico. [Doc. 1.]  Pinales, proceeding *pro se*, challenges the judgment

---

[1]Within fourteen (14) days after a party is served with a copy of these findings and
recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to
such findings and recommendations.  A party must file any objections with the Clerk of the U.S.
District Court within the fourteen-day period allowed if that party wants to have appellate review
of the findings and recommendations.  If no objections are filed, no appellate review will be
allowed.

and sentence of the Twelfth Judicial District Court in <u>State v. Ruben Pinales</u>, No.D-1215-CR-200300072 (Otero County, New Mexico).  He raises eight grounds for relief.  Pinales' grounds for relief are as follows. [*Id.*]

3.  <u>Ground One</u>.  Pinales alleges that the trial court erred when it refused to allow the submission of a defense instruction on the lesser-included offense of voluntary manslaughter. [Doc. 1 at p. 6.]

4.  <u>Ground Two</u>.  Pinales alleges that the trial court erred when it refused to allow his proffered instruction on reasonable doubt. [Doc. 1 at pp. 7-8.]

5.  <u>Ground Three</u>.  Pinales alleges that the trial court abused its discretion when it denied his motion for a mistrial based on allegations of intimidation by the State directed toward defense counsel.  [Doc. 1 at pp. 9-10.]

6.  <u>Ground Four</u>.  Pinales alleges that the trial court abused its discretion in denying his counsel's motion for a mistrial based on the State's rebuttal during closing arguments. [Doc. 1 at pp. 10-11.]

7.  <u>Ground Five</u>.  Pinales alleges there was insufficient evidence to support each conviction. [Doc. 1 at p. 13.]

8.  <u>Ground Six</u>.  Pinales alleges that he was denied effective assistance of counsel because his counsel had mental health issues during trial. [Id.]

9.  <u>Ground Seven</u>.  Pinales alleges that the trial court erred when it denied three pretrial motions to exclude evidence.  [Doc. 1 at pp. 13-14.]

10.  <u>Ground Eight</u>.  Pinales alleges he was denied effective assistance of counsel based on his counsel's statement to the trial court that she was experiencing mental problems, was on medication and needed to seek further help.  The trial court refused to provide associate counsel,

declare a mistrial or order a new trial. [Doc. 1 at p. 14.]

11. Respondents filed an Answer [Doc. 9] requesting that the Petition be denied and dismissed with prejudice on the grounds that Pinales had not alleged or established that the state court proceedings either (1) resulted in a decision which was contrary to, or involved an unreasonable application of, federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at state court. [*Id.* at p. 7.]

12. Respondents submit that Pinales exhausted all claims in the state court but do not expressly waive the exhaustion requirement. [Doc. 9 at p.7.]

13. Respondents do not challenge the timeliness of Pinales' federal habeas petition, and the Court concludes it was filed within the required one year limitation period.

**Factual Background Relevant to Pinales' Petition for Writ of Habeas Corpus**

14. The events leading up to the death of Aaron Caldera, the victim in this case, began with a party to celebrate the sixteenth birthday of Ricardo Alonzo and resulted in two separate violent incidents. These events occurred on the evening of September 21, 2002, and the early morning of September 22, 2002, in the community of Chaparral, New Mexico which is located partially in Otero county and partially in Dona Ana County. [Doc. 9-1, Ex. F at pp. 61-62.]

15. Pinales arrived at the birthday party with Cecilia Reyes ("Reyes"), Joses Cisneros ("Cisneros"), Martha Contreras ("Contreras") and "someone named Omar" in a Dodge Neon automobile. [Doc. 9-1, Ex. E at p. 20; Doc. 9-1, Ex. F at p. 62; Doc. 9-2, Ex. H at pp. 26-28 of 45.] At some point a fight broke out between Pinales and David Flores ("Flores"). Pinales received a puncture would to his lip, apparently from an ice pick or other sharp instrument. [*Id*.] Pinales went to his brother Lorenzo Pinales' ("Lorenzo") home to treat the wound. Pinales and a

group of five or six other people then went to several different houses and gathered various instruments such as sticks, bats and clubs.  They had all been drinking. [*Id*.]

16.  The group returned to the birthday party and a second fight broke out.  The group now included Lorenzo and Pinales' other brother Heriberto Pinales ("Heriberto"), Omar, Reyes and Cisneros.   Cisneros saw Lorenzo hitting Ricardo Alonzo ("Alonzo") and saw Aaron Caldera ("Caldera"), the victim, face down on the ground.  He also saw Heriberto chasing someone with a "stick."   Heriberto then returned to the affray and hit the victim, Caldera, five times with a metal chair and at least twice with a baseball bat. Pinales was fighting with Jose Barraza ("Barraza") who suffered two stab wounds and was hit twice with a bat during the fight.  The fight was described as a "big ball of people." [Doc. 9-1, Ex. E at p. 21; Doc. 9-1, Ex. F at pp. 62-63; Doc. 9-2,  at pp. 26-28 of 45.]

17.  A neighbor, Claudia Carisal ("Carisal"), testified that she was awakened at 3:30 a.m. by screams.  She observed Pinales, David Arenas ("Arenas"), Ricardo Alonzo, Omar, Reyes, Contreras, Caldera, Jose Cisneros, Jose Barraza, Heriberto, Manuel Abdul Olivarez ("Olivarez") and Gerardo Moreno ("Moreno") all involved in a fight. She saw Reyes with a knife and Heriberto with a bat.  [Doc. 9-1, Ex. E at pp. 33-34; Doc. 9-1, Ex. F at p. 63.]

18.  As they were leaving the party, Pinales told the others "No lo puedo creer!" ("I can't believe it!").  They ended up at Elizabeth Reyes' house and continued drinking.  Cisneros noted that Pinales was the only one who had blood on his clothing. [Doc. 9-1, Ex. E at p. 21; Doc. 9-1, Ex. F at pp. 63-64; Doc. 9-2, Ex. H at pp. 26-28 of 45.]

19.  Pinales' former girlfriend, Gabriella Saenz ("Saenz") recalled at trial that Pinales had called her twice after the killing.  She recalled telling Detective Eduardo Medrano that Pinales told her he thought he had killed two people. [Doc. 9-1, Ex. E at p. 36; Doc. 9-1, Ex. F at p. 64;

Doc. 9-2, Ex. H at pp. 26-28 of 45.]

20.   The police and rescue personnel arrived at the scene of the fight after 3:00 a.m. They took statements.  They recovered one woman's shoe at the scene and its mate in the Neon along with a butcher knife handle.  They also recovered a knife blade, a pipe, an ax head, and a table leg at or near the scene. [Doc. 9-1, Ex. E at p. 31, Doc. 9-1, Ex. F at p. 64]

21.   Caldera died of a stab wound to his chest that cut his heart.  He also suffered numerous injuries caused by blunt force trauma.  [Doc. 9-1, Ex. F at p. 64; Doc. 9-2, Ex. H at p. 27 of 45.]

**Procedural Background**

22.   On September 4, 2004, Pinales was convicted by a jury of murder[2], two counts of aggravated battery with a deadly weapon, and conspiracy to commit aggravated battery with a deadly weapon. [Doc. 9 at p. 2.]

23.   On September 14, 2004, Pinales' trial counsel filed a motion for a new trial in which she alleged that she had failed to render effective assistance of counsel.  [Doc. 9-2,  Ex. H at pp. 31-32 of 45.]

24.   On November 10, 2004, Pinales' trial counsel filed an affidavit in support of the motion.  In her affidavit, Pinales' trial counsel stated that during her entire representation of Pinales she was taking anti-depressants and that she was eventually diagnosed as suffering from major depression which resulted in a dissociative episode at the close of the trial.  [*Id.*]

25.   On November 17, 2004, the state court entered a Judgment, Order and Commitment

_____

[2]Pinales was charged with and tried for murder based on accessory liability. [Doc. 9-2, Ex. H at pp. 24-25 of 45.] In New Mexico there is no distinction between a principal and an accessory with regard to a murder charge. [*Id.*]

5

to the Corrections Department pursuant to a jury verdict finding Pinales guilty of the offenses of murder (in the first degree), aggravated battery (deadly weapon)(two counts), and conspiracy to comment aggravated battery.  [Doc. 9-1, Ex. A.]  Pinales was sentenced to a term of life plus six (6) years, followed by a term of two years on parole. [*Id.*]

26.  On December 15, 2004 the state filed a response to the motion for a new trial. [Doc. 9-1, Ex. E at p. 43; Doc. 9-1, Ex. F at p. 69.] On the same day the state court held a hearing on the motion. [*Id.*] An attorney entered his appearance for Pinales and noted that he had been hired the day before.  The state court expressed concern with whether it had jurisdiction to hear the motion for a new trial and noted that if trial counsel filed a notice of appeal, the district court would lose jurisdiction.  The state attorneys urged the trial court to rule on the merits and deny the motion for a new trial.  Pinales attorney argued that the court had not yet heard the evidence with regard to the motion for a new trial and therefore should not rule on the merits.  He stated that  ". . . perhaps the safest course is to deny, simply because the time limits won't allow us to conduct a full scale evidentiary hearing with the due notice to both sides." [*Id.*] The trial court granted a defense motion to continue the hearing on the motion for a new trial.  On the same day, the defense filed its Notice of Appeal. [Doc. 9-1 at Ex. B; Doc. 9-1,Ex. E at p. 43, Doc. 9-1, Ex. F at p. 69.]

27.  On January 13, 2005, Pinales filed a "Statement of the Issues" with the Supreme Court of New Mexico. [Doc. 9-1 at Ex. C.]

28.  On September 27, 2006,  Pinales filed his Brief in Chief. [Doc. 9-1 at Ex. E.] He was represented by the State of New Mexico Assistant Appellate Defender and his trial counsel Rebecca Reese. The appealed issues were stated as follows.

Issue 1: Did the trial court err in denying the requested defense

6

jury instructions?

Issue 2: Did Mr. Pinales receive the effective assistance of counsel to which he was entitled under state and federal law?

Issue 3: Did the trial court err in denying the requested mistrial?

Issue 4: Did the trial court err in denying the defense pretrial motions?

Issue 5: Did the trial court err in denying defense objection regarding the prosecutor's mischaracterization of evidence?

Issue 6: Did sufficient evidence support the convictions?

[*Id.* at p. 16.]

29.  On January 25, 2007, the State filed its Answer to the Brief in Chief.  [Doc. 9-1 at Ex. F.]  On February 13, 2007, Pinales filed his Reply. [*Id.* at Ex. G.]

30.  On October 1, 2007, the New Mexico Supreme Court issued it decision on Pinales' appeal. [Doc. 9-1 at Ex. H.]  The New Mexico Supreme Court held, in a detailed opinion, that the trial court did not err in denying Pinales' requested jury instructions, did not abuse its discretion in denying Pinales' motion for a mistrial based on allegations of intimidation by the State or based on the State's closing argument, and did not err in denying Pinales' objection during the state's closing argument.  The Supreme Court also found that the evidence was sufficient to support each of Pinales' convictions.

31.  With regard to Pinales' ineffective assistance of counsel claim, the New Mexico Supreme Court outlined the framework for testing a counsel's performance as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  "First, Defendant must show that his counsel's performance was deficient, and, second, that his defense was prejudiced by such deficient performance." [Doc. 9-2, Ex. H at p. 26 of 45.]  The Court stated that the record on appeal

frequently does not adequately "inform us of whether an action by defense counsel constituted error or caused prejudice to the defendant." [*Id.* at p. 27.]  In Pinales' appeal, the claims of ineffective assistance were "based on grounds set forth in his trial counsel's affidavit." [*Id.* at p. 28.]  The Court held that these claimed errors "are best evaluated during habeas corpus proceedings where trial counsel can provide testimony. Such evidence is also necessary in this case to demonstrate that any alleged errors caused prejudice." [*Id.*]  Because the contents of the affidavit "have not been established as factual" the Court concluded that Pinales should bring his ineffective assistance of counsel claim through a habeas corpus proceeding. [*Id.* at p. 28- 29.]

32.  On October 17, 2007, the New Mexico Supreme Court issued its Mandate affirming the judgment of the state district court and for further proceedings consistent with its decision. [Doc. 9-2, Ex. I.]

33.  On October 29, 2007, Pinales filed his Petition for Writ of Habeas Corpus with the state district court arguing that he was denied ineffective assistance of trial counsel based on his lawyer's affidavit. [Doc. 9-2 at Ex. J.] He requested appointment of counsel to represent him in the Petition. [*Id.* at p. 3.]

34.  On October 1, 2008, Pinales, now represented by counsel, filed an Amended Petition for Writ of Habeas Corpus which asserted Pinales' ineffective assistance of counsel claim. [Doc. 9-3 at Ex. K.] The Amended Petition argued that Pinales' trial counsel's depression impaired her thought process and judgment which led to the following errors:  (1) failure to request a continuances, (2) failure to depose the State's expert forensic pathologist, (3) failure to obtain a

8

defense expert forensic pathologist, (4) failure to obtain transcripts of defense statements taken within the six weeks before trial, (5) failure to persuade the court to intervene during the discovery difficulties, (6) failure to object to trial proceeding into a holiday weekend, (7) failure to adequately impeach the State's witnesses, (8) failure to present a defense expert, present at trial, prepared to testify on Pinales' ability to form a specific intent, and (9) failure to present a coherent closing. [*Id.*]

35.  On April 22, 2009, the State filed its Response to Pinales' Amended Petition for Writ of Habeas Corpus. [Doc. 9-3, Ex. L.] The State argued that Pinales failed to establish ineffective assistance of counsel because his argument was based only on the affidavit of Pinales' trial attorney and the New Mexico Supreme Court had concluded that the affidavit was insufficient to establish a prima facie case of ineffective assistance of counsel.  The State argued that "[w]hile trial counsel's affidavit generally alleges impaired performance, it does not factually establish either a deficient performance or prejudice" to Pinales as required by *Strickland v. Washington*, 466 U.S. 668 (1984). [*Id.* at p. 53-54 of 65.]

36.  On April 27, 2009, the trial court held an evidentiary hearing on Pinales' Amended Petition for Writ of Habeas Corpus. [Doc. 9-3 at Ex. M.]

37.  On August 31, 2009,  the state court denied Pinales' Petition for Writ of Habeas Corpus based on ineffective assistance of counsel.  [Doc. 9-3 at Ex. N.]  In reaching its decision the state court "reviewed the record of the trial, the pleadings and all of the record leading up to the trial and afterwards" and also considered testimony and arguments of counsel in an

evidentiary hearing. [*Id.*] The state court found as follows.

> 1.  Defendant's counsel's representation appears to far exceed the standard required by the law for effective assistance counsel;
>
> 2.  Defendant's counsel's closing argument in particular was articulate and effective;
>
> 3.  None of the complained of shortcomings, such as the failure to call a pathologist, were likely to have resulted in a different outcome.

[*Id.*]

38.  On September 30, 2009, Pinales, represented by counsel, filed his Petition for Writ of Certiorari to the New Mexico Supreme Court. [Doc. 9-4 at Ex. 0.] The question presented for review was whether the state district court erred in denying Pinales' claim that his counsel was ineffective at the trial level. [*Id.* at p. 2 of 46.]

39.  On November 18, 2009, the State filed its Response to Pinales' Petition for Writ of Certiorari. [Doc. 9-4 at Ex. P.]

40.  On December 2, 2009, the New Mexico Supreme Court ordered that Pinales' Petition for Writ of Certiorari be denied. [Doc. 9-6 at Ex. Q.]

## **Analysis**

### **Exhaustion of Remedies**

41.  Before reaching the merits of Pinales' habeas claims, the Court must first determine if Pinales exhausted his claims in state court. A federal court may consider a petition for writ of habeas corpus only after the petitioner first presents his claims to a state court and exhausts his

state remedies, unless "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the application." 28 U.S.C. § 2254(b)(1).  "The exhaustion requirement is satisfied if the issues raised in the federal petition have been properly presented to the highest state court, either by direct review of the conviction, or in a  post-conviction attack."  *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

42.  In this case, Pinales' claims are  exhausted, having been properly presented to the highest state court.

<u>**Deference to State Court Adjudications**</u>

43.  Pinales' petition is analyzed under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254.  The appropriate standard of review depends on "whether a claim was decided on the merits in state court."  *McLuckie v. Abbott*, 337 F.3d 1193, 1197 (10th Cir. 2003); *Allen v. Mullin*, 368 F.3d 1220, 1234 (10th Cir. 2004)(*citing Bell v. Cone*, 535 U.S. 685, 694 (2002), *cert. denied,* 543 U.S. 1156 (2005)).  If the claim was adjudicated on the merits by the state court, the petitioner will be entitled to federal habeas relief only if he can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

44.  With regard to whether a state court adjudicated a petitioner's claims "on the

merits," the United States Supreme Court recently held and reconfirmed "that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington v. Richter,* 131 S.Ct. 770, 785, 2011 WL 148587, *10 (Jan. 19, 2011).  "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."  *Id.* at 784-785.  Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.  *Id.* "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely."  *Id.* at 785 (*citing Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).  The Court finds that Pinales' claims were adjudicated on the merits.

45.  "When reviewing a state court's application of federal law, we are precluded from issuing the writ simply because we conclude in our independent judgment that the state court applied the law erroneously or incorrectly." *McLuckie*, 337 F.3d at 1197. "Rather, we must be convinced that the application [of the federal law] was also objectively unreasonable." *Id.*  This means that a federal court is precluded from granting habeas relief, except in the narrow circumstances described in § 2254(d), and that this Court must apply a presumption that the factual findings of the state court are correct unless the petitioner can rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).  See *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)(this deferential standard of review requires that state court convictions be given "the

benefit of the doubt"); *Smallwood v. Gibson*, 191 F.3d 1257, 1264-65 (10th Cir. 1999), *cert. denied,* 531 U.S. 833 (2000).

46.   To justify federal habeas relief, the decision of the state court must not only have been erroneous, but also unreasonable.  *William v. Taylor*, 529 U.S. 362, 365 (2000); *Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004), *cert. denied*, 546 U.S. 1030 (2005).  "Federal habeas courts do not sit to correct errors of fact or to relitigate state court trials.  Our jurisdiction is limited to ensuring that individuals are not imprisoned in violation of the Constitution."  *Thompson v. Oklahoma*, 202 F.3d 283 (Table, Text in Westlaw), No. 98-7158, 2000 WL 14404 at *6 (10th Cir. Jan. 10, 2000)(unpublished), *cert. denied,* 530 U.S. 1265 (2000).

**Pinales' Federal Habeas Claims**

**A.  Ground One**

47.   Pinales argues that the trial court erred when it denied his requested jury instruction on the lesser-included offense of voluntary manslaughter based on his argument that there had been an insufficient cooling off period between the first fight and the second fight when the murder occurred.[3]

48.   At the close of Pinales' trial, the trial court instructed the jury on first and second degree murder, but not manslaughter.  On appeal of this issue, the New Mexico Supreme Court

---

[3]  In New Mexico, voluntary manslaughter consists of manslaughter committed upon a sudden quarrel or in the heat of passion. [Doc. 9-2, Ex. H. at p. 10-11 of 45.] Voluntary manslaughter requires "sufficient provocation" that would affect the actor's ability to reason. Provocation is insufficient if an ordinary person would have "cooled off" before acting. [*Id.* at p. 11.]

held that "no reasonable view of the evidence would support an instruction on the lesser-included offense of voluntary manslaughter." [Doc. 9-2, Ex. H at p. 10 of 45.] The New Mexico Supreme Court throughly reviewed the facts and found that "viewed in a light most favorable to the giving of the instruction, no reasonable view of the evidence supports sufficient provocation" which would have merited instructing the jury on manslaughter. [*Id.* at p. 7.]

> Our review of the facts in the instant case leads us to conclude that the State's characterization is accurate, and that the trial court correctly focused on the time period between the two fights which constituted a clear break in the cause chain of events between the first and second fights, providing a reasonable person more than sufficient time to 'cool off.'

[*Id.* at p.7.]

49.  Based on the deference mandated by § 2254(d), this Court must apply a presumption that the factual findings of the state court are correct.  Pinales has failed to rebut this presumption by any evidence other than simply re-stating the issue as it was presented to the New Mexico Supreme Court, must less the required "clear and convincing evidence."

50.  Therefore, the Court finds that sufficient evidence supports the trial judge's decision not to instruct the jury on voluntary manslaughter.  Thus, the Court will recommend that Ground One be dismissed with prejudice.

**B.  <u>Ground Two</u>**

51.  Pinales argues that the trial court erred when it denied his requested jury instruction on reasonable doubt.

52.  Pinales' trial counsel proffered an instruction on reasonable doubt based on language

from a case which, at the time of the trial, was on *certiorari* to the New Mexico Supreme Court.[4]

The trial court rejected Defendant's proffered instruction and instead approved the State's

reasonable doubt instruction which is a stock instruction (UJI 14-5060 NMRA) required to be

given in all cases.[5] The New Mexico Supreme Court held that "[w]hile the jury did not receive

the instruction Defendant requested, the jury received a legally correct instruction on reasonable

doubt." [Doc. 9-2, Ex. H at p. 15 of 45.] On appeal, the New Mexico Supreme Court concluded

that the "trial court did not err in denying Defendant's reasonable doubt instruction because an

adequate reasonable doubt instruction was provided." [*Id.* at p. 16 of 45.]

    53.   Based on the deference mandated by § 2254(d), this Court must apply a presumption

that the factual findings of the state court are correct.  Pinales has failed to rebut this

presumption by any evidence other than simply re-stating the issue as it was presented to the

New Mexico Supreme Court, must less the required "clear and convincing evidence."

    54.   Therefore, the Court finds that sufficient evidence supports the trial judge's decision

on which reasonable doubt instruction to give and Court will recommend that Ground Two be

dismissed with prejudice.

**C.  Ground Three**

    55.   Pinales argues that the trial court abused its discretion when it denied his motion for

---

[4]*State v. Garcia,* 2005-NMCA-066.

[5]The New Mexico Supreme Court thereafter affirmed their adherence to the definition of reasonable doubt set forth in UJI-5060 when it decided the *Garcia* appeal.  *State v. Garcia*, 2005NMSC-017, ¶ 10.

a mistrial.  The motion for a mistrial was based on alleged intimidation by the State. After the

State rested its case, defense counsel moved for a mistrial on the grounds that the prosecutor and

lead detective were trying to intimidate her.  Defense counsel said that she would have objected

sooner but did not want the jury to think she was a "problem." [Doc. 9-2, Ex. H at p. 19 of 45.]

56.  The New Mexico Supreme Court observed that the granting of a mistrial is within

the sound discretion of the trial court and it is a decision that cannot be disturbed absent an abuse

of discretion.  The New Mexico Supreme Court further noted that "the power to declare a

mistrial should be exercised with the greatest of caution." (Citation omitted.) [*Id.* at 14.]   The

New Mexico Supreme Court concluded, "after thoroughly examining the facts and law

applicable to Defendant's claims. . . that the trial court did not abuse its discretion in denying

Defendants' motion for a mistrial." [*Id.* ]

57.  In addition to the findings of the New Mexico Supreme Court, the Court takes note

of the fact that "[i]nappropriate prosecutorial comments, standing alone, would not justify a

reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding."

*Douglas v. Workman*, 560 F.3d 1156, 1177 (10th Cir. 2009)(*citing United States v. Young*, 470

U.S. 1, 11 (1985)).  Habeas relief is appropriate only when a prosecutor's comments "so infected

the trial with unfairness as to make the resulting conviction a denial of due process."  *Id.*, *citing*

*Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).  Here, Pinales did not demonstrate that the

prosecutor's statements so affected the trial.  Moreover, even if a prosecutor's remarks are

undesirable or "even universally condemned," that, without more, is insufficient to demonstrate

prosecutorial misconduct. *Darden v. Wainwright*, 477 U.S. 168, 181, *reh'g denied*, 478 U.S. 1036 (1986).

58.  Based on the deference mandated by § 2254(d), this Court must apply a presumption that the factual findings of the state court are correct.  Pinales has failed to rebut this presumption by any evidence other than simply re-stating the issue as it was presented to the New Mexico Supreme Court, must less the required "clear and convincing evidence." Based on all the circumstances, including the standards of review by which this Court is governed, the Court will recommend that Ground Three be dismissed with prejudice.

**D.  Ground Four**

59.  Pinales argues that the trial court abused its discretion when it denied his counsel's motion for a mistrial based on the State's rebuttal closing argument.  Pinales' counsel moved for a mistrial at the end of the prosecutor's closing rebuttal, arguing that the rebuttal was an attack on her as evidenced by the fact that the prosecutor mentioned her name a number of times.  The trial court denied the motion and found that the State's closing argument was "a fair comment on how the argument. . . was presented. . . [and] not the personal credibility of counsel." [Doc. 9-2, Ex. H at p. 20 of 45.]

60.  On appeal, the New Mexico Supreme Court again observed that the granting of a mistrial is within the sound discretion of the trial court and it is a decision that cannot be disturbed absent an abuse of discretion. [*Id.* at 21 of 45.]     The New Mexico Supreme Court concluded, "after thoroughly examining the facts and law applicable to Defendant's claims. . .

that the trial court did not abuse its discretion in denying Defendant's motion for a mistrial." [*Id.*]

61. For the same reasons stated under Ground Four, above, as well as based on the deference mandated by § 2254(d), this Court must apply a presumption that the factual findings of the state court are correct.  Pinales has failed to rebut this presumption by any evidence other than simply re-stating the issue as it was presented to the New Mexico Supreme Court, must less the required "clear and convincing evidence."

62.  Based on all the circumstances, including the standards of review by which this Court is governed, the Court will recommend that Ground Four be dismissed with prejudice.

**E.  <u>Ground Five</u>**

63.  Pinales argues that there was insufficient evidence to support the jury verdict. [Doc. 1 at p. 12A.]

64.  The New Mexico Supreme Court reviewed the convictions applying a sufficiency of the evidence standard to determine "whether substantial evidence of either a direct or circumstantial nature [existed] to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." (Citation omitted.) [Doc. 9-2, Ex. H at p. 24 of 45.]

65.  With regard to the conviction for first degree murder, the New Mexico Supreme Court observed that the jury was instructed on accessory liability and in New Mexico, there is no distinction between a principal and an accessory. [*Id.* at p. 25 of 45.] The New Mexico Supreme

18

Court summarized the evidence presented at trial and found that:

> [t]he State presented sufficient and substantial evidence which placed defendant
> at the crime scene and established that he spearheaded the effort to return to the
> party to seek revenge, after his fight with Flores, by going around the community
> to gather other willing fighters as well as makeshift weapons, an effort that led
> directly to Victim's death . . . [T]he jury reasonably could have determined that
> Defendant fully participated in the fight that led to Victim's death, thus aiding
> and encouraging the crime and sharing the intent that it be committed.  Therefore,
> we conclude that substantial evidence supports Defendant's conviction for First
> Degree Murder.

[*Id.* at p. 25 of 45- 28 of 45.]

66.  With regard to the convictions for aggravated battery (deadly weapon), the New

Mexico Supreme Court reviewed these convictions to determine whether they were supported by

substantial evidence in the record that Defendant was guilty beyond a reasonable doubt. [Doc. 9-

2 at Ex. H, pp. 22-24 of 45.]  It found that substantial evidence supported Defendant's conviction

for aggravated battery with a deadly weapon with respect to Barraza and with respect to Guel.

[*Id.* at pp. 23-24 of 45.]

67.  With regard to the conviction for conspiracy to commit aggravated battery (deadly

weapon) the New Mexico Supreme Court reviewed this conviction to determine whether it was

supported by substantial evidence in the record that Defendant was guilty beyond a reasonable

doubt. [Doc. 9-2, Ex. H at pp. 24-25 of 45.] The New Mexico Supreme Court found that

substantial evidence supports Pinales' conviction for each court of aggravated battery. [*Id.* ]

68.  Based on the deference mandated by § 2254(d), this Court must apply a presumption

that the factual findings of the state court are correct.  Pinales has failed to rebut this

presumption by any evidence other than simply re-stating the issue as it was presented to the New Mexico Supreme Court, must less the required "clear and convincing evidence." Based on all the circumstances, including the standards of review by which this Court is governed, the Court will recommend that Ground Five be dismissed with prejudice.

**F.   Ground Six**

69.   Pinales argues that he was denied effective assistance of counsel because his counsel had mental health issues during trial.  [Doc. 1 at p. 12A.] This ineffective assistance of counsel claim will be discussed below with Pinales' other ineffective assistance of counsel claim in Ground Eight.

**G.   Ground Seven**

70.   Pinales argues that the trial court erred when it denied three pretrial motions to exclude evidence.  [Doc. 1 at p. 12A.]

71.   The New Mexico Supreme Court first found that Pinales had preserved his claimed errors on the pretrial motions.  [Doc. 9-2,  Ex. H at p. 16 of 45.]

72.   The New Mexico Supreme Court then noted that their review of a trial court's admission or exclusion of evidence is based on an abuse of discretion standard. [*Id.*]   It then analyzed each motion in detail and found that the trial court did not abuse its discretion in denying Pinales' pretrial motions. [*Id.* at pp. 11-13.]

73.   Pursuant to the deferential standard under which this Court must analyze state habeas claims, and pursuant to 28 U.S.C. 2254 (e)(1), these findings by the state court are subject to the

presumption of correctness.  *See Smith v. Mullin*, 379 F.3d 919, 924-25 (10th Cir. 2004).  Pinales

has not rebutted this presumption; he simply reargues the same arguments which he presented to

the state court.

74.  Based on all the circumstances, including the standards of review by which this

Court is governed, the Court concludes the trial court did not abuse its discretion in denying

Pinales' pretrial motions and will recommend that Ground Seven be dismissed with prejudice.

**H.  Ground Eight**

75.  Pinales argues that he was denied effective assistance of counsel based on his

lawyer's statement to the trial court that she was experiencing mental health problems, was on

medication and needed to seek further help.  The ineffective assistance of counsel claim in

Ground Eight and Ground Six are discussed below.

**Legal Framework for Ineffective Assistance of Counsel Claims**

76.  The United States Supreme Court's decision in *Strickland v. Washington*, 466 U.S.

668, 687 (1984) governs the inquiry of whether an attorney's performance was ineffective.  In

order to establish a claim of ineffective assistance of counsel, Pinales must show both that

"counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

defendant by the Sixth Amendment," and that he was so prejudiced because of counsel's errors

that the outcome of the state court's proceedings was rendered unreliable.  *Id.*  In applying the

test of whether an attorney's performance was deficient and fell below an objective standard of

reasonableness, the Tenth Circuit advises that "we give considerable deference to an attorney's

strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate

assistance and made all significant decisions in the exercise of reasonable profession judgment.'"

*Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir.)(internal citation omitted), *cert. denied*, 537

U.S. 1093 (2002).  In order to be found constitutionally ineffective, trial counsel's performance

must have been completely unreasonable, not merely wrong, so that it bears no relationship to a

possible defense strategy.  *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir.), *cert. denied,* 522

U.S. 844 (1997).

      77.  The question under *Strickland* is not whether counsel could have done more or even

better, but whether counsel's actions or decisions were "[objectively unreasonable] in all the

circumstances, applying a heavy measure of deference to counsel's judgment."  *Strickland*, 466

U.S. at 691.  In other words, even if Pinales had not received "perfect" legal representation at

every step of the proceeding, he is not entitled to perfect representation.  *Washington v. Watkins*,

655 F.2d 1346, 1357 (5th Cir. 1981), *cert. denied,* 456 U.S. 949 (1982); *see also United States v.

Rhoads*, 617 F.2d 1313, 1319 (8th Cir. 1980)(not entitled to representation that results in an

acquittal or "best possible" representation); *Martinez v. U.S.*, 2008 WL 2329171, *5 (D. Utah

June 3, 2008)(unpublished opinion).  The Court does not indulge in the "distorting effects of

hindsight."  *Strickland,* 466 U.S. at 689.

      78.  Claims of ineffective assistance of counsel are not designed to allow defendants to

relitigate trial errors that should have been raised on direct appeal.  "State habeas petitioners, in

particular, are not allowed to bring their state trial court errors into federal court under the guise

of catch-all ineffective assistance of counsel claims." *Boyle v. McKune*, 544 F.3d 1132, 1138 (10th Cir. 2008)(*relying on* 28 U.S.C. § 2254(a) which notes that a federal court entertains a federal habeas petition on behalf of a state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"), *cert. denied,* 129 S.Ct. 1630 (2009).

79.  Pinales, represented by counsel, filed an Amended Petition for Writ of Habeas Corpus on October 1, 2008, wherein he argued that he was denied effective assistance of counsel.  His claim was based on the grounds set forth in his trial counsel's affidavit, which were the same grounds presented to the New Mexico Supreme Court.  [Doc. 9-3, Ex. K at p. 10.]

80.  On April 22, 2009, the State responded to the Amended Petition for Writ of Habeas Corpus.  [Doc. 9-3, Ex. L.]   The State's Response reiterated the mandate from the New Mexico Supreme Court that Pinales "must present additional evidence for the trial Court to consider [Pinales' claim] of ineffective assistance of counsel on the merits." [*Id.* at p. 52 of 65.] The New Mexico Supreme Court had held that Pinales' trial counsel's affidavit was insufficient to establish a *prima facie* case of ineffective of counsel because the facts in the affidavit had not been established. [Doc. 9-2, Ex. H at pp. 31-35 of 45.]  The State argued that Pinales failed to establish that his trial counsel's performance was deficient and also failed to establish that his defense was prejudiced by counsel's performance– both prongs required by *Strickland v. Washington*, 466 U.S. 668 (1984). [Doc. 9-3, Ex. L at p. 3.]  Pinales did not present any evidence or argument with respect to any one of the areas that his trial counsel had claimed to constitute

23

ineffective assistance of counsel.

     81.  On April 27, 2009, the state court held an evidentiary hearing on Pinales' Amended

Petition for Writ of Habeas Corpus. [Doc. 9-3, Ex. M.]

     82.  On August 31, 2009, the state court, "having finished its review of the record of the

trial, the pleadings and all the record leading up to the trial and afterwards, and having heard and

considered the testimony and arguments of counsel" denied Pinales' Amended Petition for Writ

of Habeas Corpus.  The state court specifically found as follows.

> 1.  Defendant's counsel's representation appears to far exceed the
> standard required by the law for effective assistance of counsel;
>
> 2.  Defendant's counsel's closing argument in particular was articulate and
> effective;
>
> 3.  None of the complained shortcomings, such as the failure to call a pathologist,
> were likely to have resulted in a different outcome.

[Doc. 9-3, Ex. N at p.1.]

     83.  On September 30, 2009, Pinales, represented by counsel, filed a Petition for Writ of

Certiorari with the New Mexico Supreme Court seeking review of whether the state court erred

in denying Pinales' claim that his counsel was ineffective at the trial level. [Doc. O.] On

November 18, 2009, the State filed its Response. [Doc. P.] On December 2, 2009, the New

Mexico Supreme Court denied Pinales Writ of Certiorari. [Doc. Q.]

     84.  Based on all the circumstances, including the standards of review by which this

Court is governed, the Court concludes that Pinales was not denied ineffective assistance of

counsel and will recommend that Ground Six and Eight be dismissed with prejudice.

**<u>Recommended Disposition on Pinales' Petition for Writ of Habeas Corpus</u>**.

85.  The Court recommends that Mr. Pinales' § 2254 petition be denied and that this matter be dismissed with prejudice.

ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE

25